PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ROSENDO SCOTT, Defendant and Appellant.

No. 3113. Argued May 3, 1927.—Decided May 23, 1927.

722

*Pedro Baigés Gómez* and *José Sabater* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Rosendo Scott was tried on the charge of carrying brass-knuckles and the court sentenced him to sixty days in jail.

The evidence for the prosecution tended to show that the defendant carried brass-knuckles on a certain night and on the occasion of a fight with Angel Rovira Grañas. The latter testified that while he was passing by the Bolsa, in the city of Mayagüez, he was called by the defendant and they went together to the suburb called París, and on reaching a dark place the defendant struck him on the face with brass-knuckles; that he saw when the defendant took off and threw away the brass-knuckles which he could see because it happened in front of the lights of an automobile, which were on when the event took place.

In the course of the testimony of the said witness the defense took exception to any question tending to establish the consequences of the blow received by Rovira, alleging that they were not investigating a case of assault and battery. Many of the objections on that particular were sustained by the trial court. However, questioned by the court, the witness stated that his black eye had been caused by a blow given him with brass-knuckles which he saw when the defendant took them off his hand. The witness also mentioned a broken bone and a radiograph. It appears from the record that the defense took exception to all the above questions propounded by the court.

In good logic and from the circumstances, as told by the witness, in which the defendant revealed that he was carrying

brass-knuckles, it was a metaphysical impossibility to separate the manner or way used by the defendant to commit the offense of carrying a forbidden weapon. On the other hand, the court could question Rovira in order to determine fully whether a mere fist blow could leave the physical marks shown by the witness Rovira, or whether it was necessarily caused by a more brutal and blunt instrument like brass-knuckles. Therefore, what the court had before it was circumstantial evidence and it could weigh it in connection with the other evidence in order to establish the existence of the weapon, since, as a legal question, if the weapon had not been taken from the defendant, its existence on his person could be shown by the other elements of proof. *People* v. *Nieves,* 35 P.R.R. 49, and *People* v. *Julián,* 18 P.R.R. 905.

Witness Juan R. Rivera testified that he was driving in a car with Henry Barreda along the street leading to the agricultural station of Mayagüez when they saw that Scott and Rovira were fighting and that he saw Scott taking something off his hand and throwing it away. It appears from the record that at this stage the following incident took place:

"The judge put the following question to the witness: What did he throw away? You have taken an oath and you are bound to tell the truth. What was it you saw him throwing away? The witness answered: Brass-knuckles. Questioned by the judge he went on testifying that he saw brass-knuckles in his hand, an instrument.

"The judge made the following statement: 'Here one comes to tell the truth under oath, and if anybody does not tell the truth the court will send him to the grand jury to be indicted.' The witness said, he threw away brass-knuckles."

The appellant did not object or take any exception to those questions and to the answers from the witness, but he complains that the trial judge tried to frighten him and that is why he testified that what the defendant threw away was brass-knuckles. It may be observed, however, that the state-

ments of the witness as to seeing the defendant taking something off his hand were quite spontaneous. Perhaps from the appearance of the witness and his behavior, circumstances which do not reach us, the trial judge could realize that it was necessary to remind the witness of the oath taken, and invited him to tell the truth; but from such statements by the judge, perhaps made with firmness and using sane discretion, nothing can be inferred to show that they influenced the witness by threats or through fear to testify falsely.

Two more witnesses for the prosecution, Henry Barreda and José Arrivas Martínez, testified. The former said that he arrived at the place of the fight with Rivera, but did not say whether he saw any weapon in the hands of the defendant; and Martínez said that he did not witness the facts, and his testimony is confined to saying that he went to the place of the fight early the next day and found brass-knuckles on one side of the road. The brass-knuckles were introduced and admitted as evidence and the defense took exception. The objection of the appellant consisted in stating that the brass-knuckles were not identified and that their discovery was too remote, as they were found on the day following the event. Such proof, however, was admissible as circumstantial evidence and its probatory value could be considered in connection with the other elements of proof.

The defense introduced witnesses who also arrived at the place of the fight and testified that they did not see that the defendant had any brass-knuckles or that he took anything off his hand and threw it away. Therefore the evidence was contradictory and the trial judge decided the conflict against the defendant.

However, the defense points out the danger of a judgment rendered on contradictory evidence without the production of the weapon and based, as to its existence, on the

testimony of witnesses more or less angry. However, an error is always possible, and though it might be mentioned that judges should proceed very cautiously when the weapon is not produced in evidence, they are always better placed than the appellate court to weigh the evidence. From the circumstances of the present case we have not been able to find that there was any fundamental error, passion, prejudice or bias on the part of the judge in weighing the evidence as a whole.

For the foregoing reasons the judgment appealed from must be affirmed.